## FELIX AMORT *vs.* HANS CHRISTOFFERSON.

Submitted on briefs April 12, 1894. Affirmed May 11, 1894.

No. 8685.

**Verdict justified by the evidence.**
  *Held,* that the verdict in this case was justified by the evidence.

Appeal by defendant, Hans Christofferson, from an order of the District Court of Marshall County, *Frank Ives,* J., made January 29, 1894, denying his motion for a new trial.

On April 27, 1891, the plaintiff, Felix Amort, sold and delivered to Tom Kieley one hundred and fifty bushels of seed wheat at $1.10 per bushel and took his note for the amount $165 due October 1, 1891, bearing ten per cent interest until paid. The note also recited that it was given for seed wheat to be sown on southwest quarter of Section two (2), T. 157, R. 50, in the Town of Big Woods, Marshall County, and in other respects complied with the lien law, (1878 G. S. ch. 39, § 21.) After Kieley applied but before selling the wheat plaintiff saw Christofferson, who had a mortgage on the crop to be raised, and asked him if he would pay for the wheat that Kieley wanted. Defendant answered, "Yes, you let Kieley have the wheat and I will see you paid for it" and told him to take a

seed grain note.    Thereupon plaintiff delivered the wheat and took the note.    Plaintiff was not paid and he brought this action against Christofferson alleging that he sold the wheat to defendant and at his request delivered it to Kieley and asked judgment for $165 and seven per cent interest.    The answer was a general denial.    The issues were tried November 22, 1893;  the jury found for plaintiff and assessed his damages at $207 having evidently computed the interest at ten instead of seven per cent per annum.    Defendant moved for a new trial, but was refused and he appeals.

*Brown & Bayrell*, for appellant.

*Brown & Carr*, for respondent.

COLLINS, J.    While we are obliged to concede that, on the evidence, this was a very close case, we are of the opinion that the verdict cannot be disturbed.    Defendant held a mortgage upon a crop yet to be grown, in the season of 1891, by one Kieley, and from the testimony it seems that he, as well as the plaintiff, who knew of the mortgage, supposed it would be a first lien, and would have priority over a seed-grain note given, under the statute, for the seed from which the crop was to be raised.    Kieley applied to plaintiff for seed, but the latter refused to give him credit, and thereupon, according to the testimony, defendant told plaintiff to let Kieley have the seed, and "I will see you paid for it."    This assurance, construed with reference to the connection in which the words were used, and the facts surrounding their utterance, cannot be distinguished from that considered in *Grant* v. *Wolf*, 34 Minn. 32, (24 N. W. 289;) and the words are fairly susceptible of the construction that the responsibility assumed by defendant was original, and not collateral to the agreement of another;  hence not within the statute of frauds.

The words, "I will see you paid" for the seed grain, amounted, under the circumstances, to an agreement by defendant to pay for it himself.

It was shown that, when the plaintiff delivered the grain to Kieley, he took a seed-grain note from him for the amount of the purchase price, and from this it might be argued that defendant's promise was unquestionably collateral.    But the plaintiff testified (and the jury had the right to believe him) that defendant told

him, when becoming responsible for the grain, that he must take a seed-grain note from Kieley, and, further, that he (defendant) would also sign it. The note was taken, and afterwards presented to defendant for his signature, which was refused. The explanation offered by plaintiff as to the taking of the note is such that it cannot be said to have been conclusively shown that any credit was given to Kieley. See *Cole* v. *Hutchinson*, 34 Minn. 410, (26 N. W. 319.)

We do not attach the importance to the complaint in a former action between these same parties, which was introduced in evidence by defendant, that is given to it by counsel for the latter. Plaintiff testified, without contradiction, that he did not know what it contained, and from its allegations it is evident that he was then endeavoring to collect his money from defendant, as he is in the present action.

It is true that the verdict was for a slightly greater amount than was claimed in the complaint, but evidently this grew out of an error in the computation of interest. The court below would have corrected the error, no doubt, had attention been called to it, but we do not see that it was. It is now too late for this to be done.

Order affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 304.)